O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GREGORY HITE, | ) Case No. EDCV 13-1350-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ORDER |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 7, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 11 at 3.)

1

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether there is an inconsistency between the Dictionary of Occupational Titles ("DOT") and the ALJ's determination that Plaintiff can perform the jobs of general office work, document preparer; and order clerk, food and beverage. (JS at 2.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has the medically determinable severe impairments of lumbar herniated L5/S1 status-post operation; severe degenerative

arthritis L5/S1; bipolar disorder; and affective disorder.  (Administrative Record ("AR") at 13.)

The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work, with the following limitations: occasionally lifting or carrying twenty pounds and frequently lifting or carrying ten pounds; standing or walking with normal breaks for a total of four hours of an eight-hour workday; sitting with normal breaks for a total of six hours out of an eight-hour workday; occasionally climb ramps or stairs, balancing, stooping, kneeling, crouching and crawling; never climbing ladders, ropes, or scaffolds; and limited to simple tasks with simple work-related decisions.  (Id. at 16.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was unable to perform his past relevant work.  (Id. at 21.) Based on the VE's testimony, the ALJ concluded that there are jobs in the national and regional economy that exist in significant number that Plaintiff can perform, such as general office work, document preparer (DOT No. 249.587-018); and order clerk, food and beverage (DOT No. 209.567-014).  (AR at 25.)

**B.    There Was No Error.**

Plaintiff contends that the ALJ's RFC limitations are inconsistent with the two jobs identified by the VE because the RFC basically limits him to "simple repetitive tasks with simple-work-related decisions," and both of the jobs would require him to be exposed to work tasks that involve more than just simple tasks with simple-work-related decisions.  (Id.)  Specifically, Plaintiff equates the ALJ's RFC limitation to "simple tasks" to be a limitation to "simple *repetitive* tasks," and then argues that the level three reasoning skills required for both identified jobs as set forth in the DOT exceed this limitation.  (Id. at 5.)

A job's reasoning level "gauges the minimal ability a worker needs to complete the job's tasks themselves."  Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005).  Reasoning development is one of three divisions comprising

1  the General Educational Development ("GED") Scale.³  DOT App. C.  The DOT
2  indicates that there are six levels of reasoning development.  Id.  Level 3 provides
3  that the claimant will be able to "[a]pply commonsense understanding to carry out
4  instructions furnished in written, oral, or diagrammatic form.  Deal with problems
5  involving several concrete variables in or from standardized situations."  (DOT
6  237.367-014.)

   The Court recognizes that there is a split among the circuit courts on whether
8  a limitation to simple, *repetitive* or *routine* tasks is compatible with the
9  performance of jobs with level 3 reasoning as defined in the DOT.  Adams v.
10 Astrue, No. C 10-2008 DMR, 2011 WL 1833015, at *4 n.3 (N.D. Cal. May 13,
11 2011) (comparing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (a
12 surveillance systems monitor job with a DOT reasoning level of 3 was not suitable
13 for a claimant whose RFC limited her to "simple and routine work tasks") with
14 Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (a claimant limited to "simple"
15 work could perform the job of surveillance-system monitor, which had a reasoning
16 level of 3) and Renfrow v. Astrue, 496 F.3d 918, 920-21 (8th Cir. 2007) (a
17 claimant with an inability to do "complex technical work" was not precluded from
18 jobs with a reasoning level of 3)).  Although the Ninth Circuit has yet to address
19 this question directly, the weight of authority in this Circuit seems to hold that a
20 limitation to simple, *repetitive* or *routine* tasks is incompatible with a reasoning

---

   ³ The GED scale "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance.  This is education of a general nature which does not have a recognized, fairly specific occupational objective.  Ordinarily, such education is obtained in elementary school, high school, or college.  However, it may be obtained from experience and self-study."  DOT App. C.

4

level of 3.[4]  Id. n.4 (citations omitted).

In the Ninth Circuit, however, there is no such similar weight of authority when a plaintiff, as in this case, is limited only to *simple* tasks, as opposed to simple, repetitive tasks. In fact, the authorities are conflicting. In Funches v. Astrue, for example, the district court reasoned that "[g]iven the significant case law within [the Ninth] Circuit that questions whether a claimant limited to *simple, repetitive* work is capable of performing jobs with a Reasoning Level of 3, the Court [would] not reach a different conclusion simply because Plaintiff's RFC does not include a limitation to repetitive work." Funches, No. 1:10cv0819 DLB, 2011 WL 1497068, at *5 (E.D. Cal. Apr. 19, 2011) (emphasis added) (citations omitted). The court noted that as a result, a conflict existed between the DOT and the VE's testimony on the issue of whether a limitation to simple tasks was consistent with a reasoning level of 3. Id.

In such circumstances, the ALJ is required to determine whether a conflict exists and, if so, "'whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT].'" Id. at *6 (citing Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). However, in Funches, while the ALJ had stated in the decision that the testimony of the VE was consistent with the DOT and concluded that the plaintiff could perform the other work, the court found that there was "no indication in either the testimony or the interrogatories . . . that the ALJ asked the VE whether a

---

[4] Courts in the Ninth Circuit have generally found a limitation to simple, repetitive work to be consistent with reasoning levels 1 and 2. Carney v. Astrue, No. EDCV 09-1984-JEM, 2010 WL 4060488 at *4 (C.D. Cal. Dec. 6, 2010 (citations omitted); see also Funches v. Astrue, No. 1:10cv0819 DLB, 2011 WL 1497068, at *5 (E.D. Cal. Apr. 19, 2011) (citing Tudino v. Barnhart, No. 06-CV-2487-BEN (JMA), 2008 WL 4161443, at *11 (S.D. Cal. Sep. 5, 2008)) (level 2 reasoning "appears to be the breaking point for those individuals limited to performing simple repetitive tasks").

5

conflict existed." Id. Because the ALJ did not actually pose this question to the VE, the court found that it could not determine whether substantial evidence supported the ALJ's determination that the plaintiff could perform reasoning level 3 work, given the RFC limitation to simple work. Id. Thus, the court remanded the case and specifically directed the ALJ to "obtain a reasonable explanation from the VE for the conflict between her testimony and the DOT." Id.

In contrast, in Signavong v. Astrue, where the ALJ's RFC limited the claimant to only simple work, the ALJ twice confirmed that the VE's testimony was consistent with the DOT, and in confirming the plaintiff could perform jobs with a level three reasoning, the VE specifically noted that the ALJ had not limited the plaintiff to "repetitive work." Signavong, No. EDCV 10-917 MAN, 2011 WL 5075609, at *8 (C.D. Cal. Oct. 25, 2011). As a result, the VE in Signavong appears to acknowledge that there is a distinction between simple work, and simple, repetitive work. See also Moore v. Colvin, No. CV 13-3488-DFM, 2014 WL 696419, at *2 n.3 (C.D. Cal. Feb. 24, 2014) (distinguishing Terry as involving a claimant whose "limitations [to simple tasks] were not as significant as a limitation to simple, routine, repetitive tasks," and Renfrow, as dealing with a claimant with an inability to perform "complex technical work.") The district court in Signavong noted, therefore, that there was no apparent conflict between plaintiff's limitation to simple tasks and his ability to perform jobs requiring level three reasoning, and, even if there were such a conflict, the VE provided persuasive testimony to support her conclusion. Id.

In Wentz v. Astrue, the district court determined that there was no conflict between the VE's testimony that a person limited to "simple 1, 2, 3 step work,"[5] could perform the identified jobs, which had a DOT reasoning level of 3, and the DOT's definition of level three reasoning. Wentz, 2009 WL 3734104, at *14 (D.

---

[5] The ALJ's RFC limited Wentz to "simple, routine, repetitive work." Wentz, 2009 WL 3734104, at *1.

6

Or. Nov. 4, 2009). One of the jobs identified by the VE for Wentz, was "food and beverage order clerk," one of the two jobs also identified for Plaintiff herein. The Ninth Circuit, in an unpublished opinion, affirmed the district court, determining that there was no apparent or actual conflict between the VE's testimony and the DOT. Wentz .v Comm'r of Soc. Sec. Admin., 401 F. App'x 189, 191 (9th Cir. 2010). The Ninth Circuit also noted that the VE had expressly testified that the testimony offered was consistent with the DOT, and that plaintiff's counsel had an opportunity to cross-examine the VE and "did not challenge her representation that her testimony comported with the DOT." Id.

Moreover, "[s]imple, repetitive tasks are not necessarily *inconsistent* with level-three reasoning; the Labor Department's reference to dealing with standardized situations–situations that are materially the same every time–merges easily with the limitation to repetitive tasks." Dahl v. Astrue, No. ED CV 10-01122 RZ, 2011 WL 2837660, at *1 (C.D. Cal. July 18, 2011) (emphasis added); see also Gray v. Colvin, No. 3:12cv506/EMT, 2014 WL 1118105 (N.D. Fla. Mar. 20, 2014) (citations omitted) (noting that most courts that have addressed the issue have held that Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks).

This case falls somewhere in between the facts of the aforementioned authorities. As in Funches and Signavong, the ALJ's RFC here limited Plaintiff to simple work, without further limiting it to "routine" or "repetitive"; and, in Wentz, the VE found "simple 1,2, 3, step work" to be consistent with level three reasoning. See also Moore, 2014 WL 696419, at *2 n.3 (emphasis added) (distinguishing Terry as involving a claimant whose "limitations [to simple tasks] *were not as significant* as a limitation to simple, routine, repetitive tasks," and Renfrow, as dealing with a claimant with an inability to perform "complex technical work.")

Perhaps more importantly, as in Signavong and Wentz, the ALJ asked, and the VE specifically testified that his testimony was consistent with the DOT, and

7

Plaintiff's counsel did not object to or challenge that statement on cross-examination.  (AR at 48.)  Although the VE in this case did not further elaborate on his representation that his testimony was consistent with the DOT, his testimony raised no *apparent* conflict between Plaintiff's limitation to simple tasks and his ability to perform these particular level three reasoning jobs necessitating further inquiry from the ALJ.  See Massachi, 486 F.3d at 1153 n.13 (citation omitted) (noting that neither the DOT nor the VE evidence "automatically 'trumps' when there is a conflict.").  Nor does Plaintiff identify any level three reasoning skill associated with these two jobs that he is unable to perform as a result of his limitation to simple tasks.  "Rather, plaintiff generally contends that his limitation to simple tasks is incompatible with the performance of a job requiring level three reasoning."  Signavong, 2011 WL 5075609, at *8 n.9.

     A VE's testimony may constitute substantial evidence of a claimant's ability to perform work that exists in significant numbers in the economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record, and the VE's testimony considers all of the impairments.  Hill v. Astrue, 698 f.3d 1153, 1161-62 (9th. Cir. 2012) (citations omitted) (internal quotation marks omitted) ("The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question . . . reflecting all the claimant's limitations, both physical and mental, supported by the record.  If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."); but c.f. Taylor v. Comm'r of Soc. Sec. Admin., 659 F3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").  Here, the hypothetical included all of the limitations found by the ALJ.  Accordingly, the VE's opinion constituted

substantial evidence on which the ALJ was entitled to rely.

Finally, at least one court has noted that the very definition of Level Three reasoning incorporates dealing with problems in "standardized" situations, thereby implying some level of routine or repetition inherent in the Level Three jobs. See Dahl v. Astrue, No. ED CV 10-01122 RZ, 2011 WL 2837660, at *1 (C.D. Cal. July 18, 2011).

Under the circumstances of this case, the Court finds that there was no actual or apparent conflict and, therefore, the ALJ did not commit reversible error in relying on the VE's testimony concerning Plaintiff's ability to perform the two jobs requiring level three reasoning skills.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: April 7, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge